# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| TRELLINI LUNSFORD, § | |
| Plaintiff, § | |
| § | Civil Action No. 4:25-cv-1204 |
| v. § | |
| § | JURY TRIAL DEMANDED |
| WILLIAM MARSH RICE UNIVERSITY, § | |
| Defendant. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TRELLINI LUNSFORD ("Ms. Lunsford") hereby brings this Complaint against WILLIAM MARSH RICE UNIVERSITY and, in support thereof, respectfully shows the Court the following:

### I. INTRODUCTION

1. This lawsuit involves an employment dispute between Ms. Lunsford and her former employer, William Marsh Rice University ("Rice University" or the "University"). As described below, Ms. Lunsford brings claims for unlawful discrimination and retaliation under Title VII of the Civil Rights Act of 1964.

### II. PARTIES

2. Ms. Lunsford resides in Harris County, Texas.

3. William Marsh Rice University is a domestic nonprofit corporation incorporated in the State of Texas and maintains a registered address at 6100 Main St. Stop 70, Houston, Texas 77005. William Marsh Rice University accepts service through its registered agent, Mr. Omar Syed, at 6100 Main Street, 360 Allen Center, Houston, Texas 77005.

### III. JURISDICTION AND VENUE

4. This Court has jurisdiction because Ms. Lunsford's causes of action arise under a federal statute. *See* 28 U.S.C. § 1331. Ms. Lunsford brings causes of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, 3 ("Title VII").

5. The amount of controversy is within this Court's jurisdictional limits.

6. Venue is proper in the Southern District of Texas – Houston Division under 28 U.S.C. § 1391(b)(2) because this is the judicial district where a substantial part of the events or omissions giving rise to Ms. Lunsford's claims occurred.

### IV. ADMINISTRATIVE PROCEDURES

7. On April 08, 2024, Ms. Lunsford filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Rice University for unlawful race, color, sex, and sexual orientation discrimination and retaliation under Title VII.

8. The EEOC issued a Notice of Right to Sue dated December 16, 2024. Ms. Lunsford files this lawsuit within 90 days of receiving the Notice. Ms. Lunsford filed her Title VII claims on time.

### V. FACTUAL ALLEGATIONS

9. Ms. Lunsford began working for Rice University on June 13, 2022, as the Program Administrator for the Center of African and African American Studies (the "Department").

10. Ms. Lunsford is a Black woman who identifies as Lesbian.

11. Ms. Lunsford reported to Ms. Nyeva Agwunobi, Manager of Student Programs. In early March 2023, Ms. Agwunobi went on maternity leave. During this time, Ms. Lunsford reported to Ms. Anita Norwig, Assistant Dean of Humanities.

12. Ms. Lunsford noticed that Ms. Norwig treated her differently relative to Ms. Lunsford's peers, including her work schedule, ability to work from home, and other terms and conditions of employment.

13. Ms. Lunsford reported her concerns regarding Ms. Norwig's behavior to the University's Human Resources Department. On March 27, 2023, Ms. Lunsford spoke to Ms. Toya Sherman, Senior Employee Relations Specialist. Ms. Lunsford complained about Ms. Norwig's attempts to single her out and treat her differently than others in the Department. Ms. Lunsford raised concerns about unlawful discrimination based on her protected characteristics. A few days later, the University closed Ms. Lunsford's complaint without an investigation.

14. A few weeks later, on May 15, 2023, Ms. Norwig placed Ms. Lunsford on a Performance Improvement Plan (PIP). The PIP contained subjective metrics and unrealistic goals. Ms. Lunsford, however, committed herself to meeting the PIP's expectations.

15. On June 2, 2023, Ms. Lunsford received an update. The University agreed that Ms. Lunsford demonstrated improvement on all expectations except two purported issues: (1) Ms. Lunsford applied for paid time off (PTO) on May 30, 2023, and (2) an incomplete social media guide. However, Ms. Lunsford had informed the University that she needed PTO on May 30 due to Ms. Norwig's persistent abusive behavior that same week. Further, Ms. Lunsford informed the University that Ms. Agwunobi downloaded the social media guide without the necessary software programs. Ms. Agwunobi issued an Employee Conference Record marked as a "Final Warning" related to the two purported issues.

16. On June 7, 2023, Ms. Lunsford conversed with colleagues Ms. Heather Holley, Executive Assistant, and Ms. Denise Saladino, Director, Finance and Budget. Concerned about Ms. Lunsford, that same afternoon, Ms. Saladino sent an email to Ms. Sherman, stating, "I have a co-worker that is having serious issues with her supervisor. She really needs to speak with someone in confidence about what's going on." As noted above, Ms. Sherman was familiar with Ms. Lunsford's prior concerns.

17. The next day, June 8, 2023, Ms. Lunsford communicated with Ms. Rebecca Gould, Senior Human Resources Business Partner. Ms. Gould asked Ms. Lunsford to

gather relevant information, and once done, Ms. Gould would investigate. Later that same day, Ms. Agwunobi emailed Ms. Sherman about terminating Ms. Lunsford, claiming Ms. Lunsford engaged in "disruptive behavior." However, Rice University had not previously disciplined or counseled Ms. Lunsford for "disruptive behavior," including in the PIP or recent Final Warning. Further, Rice University had never questioned or investigated Ms. Lunsford regarding purported "disruptive behavior."

18. On June 13, 2023, Ms. Lunsford completed and filed her formal complaint with Ms. Gould regarding concerns related to discrimination and retaliation.

19. On June 14, 2023, Ms. Lunsford inquired with Ms. Agwunobi about the PIP's status. Ms. Agwunobi stated, "HR recommends 60/90/120 days for a PIP, but we'll start with 30 days and evaluate the need to extend it."

20. On June 20, 2023, the University placed Ms. Lunsford on a paid administrative leave of absence to purportedly investigate Ms. Lunsford's formal complaint. The University prohibited Ms. Lunsford from communicating with others about her complaint, coming on campus, and contacting any of the University's employees.

21. On June 29, 2023, the University concluded the investigation into whether Ms. Norwig "discriminated, harassed, intimidated, and created a hostile work environment because of [Ms. Lunsford's] race, age, and sexual orientation." The University claimed that it carefully reviewed Ms. Lunsford's formal complaint, although it never interviewed Ms. Lunsford or other persons identified by Ms. Lunsford as witnesses.

22. On June 30, 2023, the University terminated Ms. Lunsford's employment effective July 5, 2023. The University claimed that "the decision had already been made to separate [Ms. Lunsford's] employment" before her formal complaint. The University's explanation is not valid, as the University terminated Ms. Lunsford because of her complaints.

## VI. CLAIMS

CAUSES OF ACTION:   RACE, COLOR, SEX, AND SEXUAL ORIENTATION DISCRIMINATION AS PROHIBITED BY TITLE VII OF THE CIVIL RIGHTS ACT OF 1964.

23. Ms. Lunsford incorporates all allegations contained in the foregoing paragraphs.

24. Title VII makes it an unlawful employment practice for an employer to "discharge any individual, or otherwise [] discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color…[or]…sex…or to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect [her] status as an employee, because of such individual's race, color…[or]…sex…" *See* 42 U.S.C. § 2000e-2(a)(1)-(2). Title VII's prohibition on sexual discrimination extends to sexual orientation and gender identity. *See Bostock v. Clayton Cnty., Georgia*, 590 U.S. 644 (2020).

25. The University is an "employer" as defined by Title VII. *See* 42 U.S.C. § 2000e(d). Ms. Lunsford is an "employee" as defined by Title VII. *See* 42 U.S.C. § 2000e(f).

26. Ms. Lunsford belongs to protected classes under Title VII based on her race, color, sex, and sexual orientation. 42 U.S.C. § 2000e-2(a)(1)-(2), *Bostock*, 590 U.S. 644.

27. The University discriminated against Ms. Lunsford by treating her less favorably than other employees concerning her terms and conditions of employment. The University replaced Ms. Lunsford with persons outside of her protected characteristics. The University further discriminated against Ms. Lunsford by terminating her employment because of her race, color, sex, and sexual orientation.

28. The University's actions were intentional and done with malice or reckless indifference to Ms. Lunsford's protected rights.

29. The University's violations of Title VII damaged Ms. Lunsford. Ms. Lunsford seeks to recover all legal and equitable relief to which she is entitled because of the University's unlawful actions, including the recovery of back pay, benefits,

reinstatement or front pay, compensatory damages, punitive damages, pre-judgment and post-judgment interest, reasonable attorney's fees, and costs.

CAUSE OF ACTION:   RETALIATION AS PROHIBITED BY TITLE VII OF THE CIVIL RIGHTS ACT OF 1964.

30. Ms. Lunsford incorporates all allegations contained in the foregoing paragraphs.

31. Title VII makes it an unlawful employment practice for an employer to "discriminate against any of his employees…because [she] has opposed any practice made an unlawful employment practice by [Title VII], or because [she] has made a charge, testified, assisted, or participated in any manner in an investigation….". 42 U.S.C. § 2000e-3(a).

32. The University retaliated against Ms. Lunsford by subjecting her to less favorable working conditions after Ms. Lunsford complained about discriminatory practices. A few weeks after Ms. Lunsford's initial complaint, the University placed her on a PIP. Immediately after Ms. Lundsford's formal complaint, the University sought to terminate her employment for fabricated reasons. The University unlawfully retaliated against Ms. Lunsford by terminating her employment. The University would not have terminated Ms. Lunsford when it did but for her complaints. Knowing that it engaged in retaliation, the University attempted to falsely backdate its decision, even though it had told Ms. Lunsford that it would extend the PIP beyond 30 days.

33. The University's actions were intentional and done with malice or reckless indifference to Ms. Lunsford's protected rights.

34. The University's violations of Title VII damaged Ms. Lunsford. Ms. Lunsford seeks to recover all legal and equitable relief to which she is entitled because of the University's unlawful actions, including the recovery of back pay, benefits, reinstatement or front pay, compensatory damages, punitive damages, pre-judgment and post-judgment interest, reasonable attorney's fees, and costs.

## VII. JURY TRIAL

35.    Ms. Lunsford demands a trial by jury.

## VIII. PRAYER

WHEREFORE, TRELLINI LUNSFORD respectfully prays that WILLIAM MARSH RICE UNIVERSITY appear and answer and that, upon final hearing of this cause, the Court enter judgment for Ms. Lunsford against Defendant for damages in an amount within the jurisdictional limits of the Court, together with interest as allowed by law, costs of court, and other and further relief to which Ms. Lunsford may be justly entitled at law or in equity.

Respectfully submitted,

/s/ *Mauro Ramirez*

———————————————
MAURO RAMIREZ
TX State Bar No. 24060460
RAMIREZ LAW, PLLC
1980 Post Oak Blvd., Suite 100
Houston, TX 77056
P: (713) 955-3480
F: (281) 768-3610
E: mauro@ramirezpllc.com

Attorney for Plaintiff